*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HOLIFIELD, STEWART, and HACKEL
Appellate Military Judges

_____

**In Re Todd P. RIDDELL, Jr.**
Sergeant (E-5), U.S. Marine Corps
*Petitioner*

**v.**

**UNITED STATES**
*Respondent*

**No. 202200072**

_____

Decided: 29 April 2022

Review of Petition for Extraordinary Relief
in the Nature of a Writ of Mandamus

Military Judge:
Matthew R. Brower

For Petitioner:
*Lieutenant Aiden J. Stark, JAGC, USN*
*Mr. Emmanuel V. Tipon, Esq.*

For Appellee:
*Lieutenant Colonel, Christopher G. Blosser, USMC*
*Mr. Brian K. Keller, Esq.*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

On 28 March 2022, Petitioner, the Accused in the general court-martial, United States v. Sergeant (E-5) Todd P. Riddell, Jr., USMC, filed a Petition for Extraordinary Relief in the Nature of a Writ of Mandamus and Application For a Stay of Proceedings. Petitioner seeks a Writ of Mandamus ordering the trial court to ensure that Petitioner is given time for adequate and meaningful expert consultation and preparation prior to the start of trial.

The underlying court-martial was scheduled to convene on 4 April 2022. On 29 March 2022, this Court ordered the below proceedings stayed until further order of this Court. On 15 April 2022, Respondent filed an Answer to the Petition, requesting that this Court deny the Petition and vacate the stay of proceedings. On the same day, Respondent filed a Motion to Return Petitioner's Petition for Correction due to the Petition's variance from this Court's Rules of Appellate Procedure. On 20 April 2022, this Court granted Respondent's motion and returned the Petition for correction. On 21 April 2022, Petitioner refiled his Petition. On 22 April 2022, Petitioner filed a Reply to Respondent's Answer.

## I. DISCUSSION

"As a writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue."[1] "First, there is no other adequate means to attain the relief desired; second, the right to issuance of the writ is clear and indisputable; and third, the issuing court, in its discretion, must be satisfied that the issuance of the writ is appropriate under the circumstances."[2]

Petitioner contends that the military judge committed clear error by denying Petitioner's motion for a continuance on the eve of trial, arguing that the

_____

[1] *Cheney v. United States Dist. Court,* 542 U.S. 367, 380 (2004) (internal citations and quotation omitted).

[2] *Id.* at 380–81 (internal citations omitted).

military judge's actions worked to deprive Petitioner of meaningful assistance from an appointed expert witness. When Petitioner stated that said expert would not be available to work with Petitioner's trial team until the day (a Sunday) before trial was to start, the military judge's proposed solution was to begin seating members as scheduled, give opening statements, then recess the Court for a day to allow Petitioner to consult with his expert.[3]

The proceedings having been stayed for almost one month at this point, Petitioner maintains that a writ is still necessary because "[s]hould this Court find that a writ should not issue or that the issue regarding a continuance for adequate preparation is moot, the military judge could and foreseeably would again insist on the immediate commencement of trial without regard to the adequate and effective preparation of counsel."[4]

Applying the three-part test enumerated above, we find Petitioner has not demonstrated an entitlement to the extraordinary remedy requested. First, given that Petitioner has had the benefit of more than a 4-week stay, that funding for his expert was approved before the stay, and that his expert was available to meet with Petitioner's trial team during the week originally scheduled for trial, we fail to see how any relief, through this or other means, is merited. Second, Petitioner's concern that the judge *may* take some improper future action based on numerous unknown variables is certainly not enough to show Petitioner's right to a writ is clear and undisputable. And, third, we are not convinced issuance of the requested writ is proper.

## II. CONCLUSION

Upon consideration of the Petition and briefs, the Petition for Extraordinary Relief in the Nature of a Writ of Mandamus is **DENIED.**

The Stay of Proceedings is **VACATED**.

---

[3] The filings contain conflicting explanations regarding who was responsible for the expert's limited availability. While we need not resolve this issue for the purposes of our decision, we note with concern the apparent lack of urgency and meaningful communication between all parties involved. A mountain of filings and associated delay could have been avoided by better coordination in the months before the trial date.

[4] Petitioner's Reply Brief, at 11.



FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court